15 BE/KCC

Original #4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RECEIVED
SEP 19 2016
CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

Sameech Rawls
(PLAINTIFF)

.V.

Mr. Gibbs, Kitchen Staff Member, SCI-Greene;
Michael Guyton, Unit Manager, SCI-Greene;
Robert D. Gilmore, Facility Manager, SCI-Greene;
Mr. Cumberledge, Safety Manager, SCI-Greene, And;
Captain Durco, Security, SCI-Greene.
(DEFENDANTS)

: CIVIL ACTION
: DOCKET NO. 16-1438
:
: JURY TRIAL DEMANDED

---

## COMPLAINT FOR MONEY DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO 42 U.S.C. §1983, 42 U.S.C. §1985 AND 42 U.S.C. §1986.

This is a civil rights complaint for money damages, declaratory judgment and injunctive relief brought on behalf of the Plaintiff, a semi mentally disabled prisoner at the State Corrections Institution At Greene. In complaint of prison-inmate-discrimination combined with deliberate indifference to a substantial risk of serious harm, in further liability due to improper installment and use of defective bunk-bed in connection with the unprovoked acts of official oppression, sexual assault, as well for the sanctioning of torture [In An American Prison] at SCI-Greene, and for other violations of Plaintiffs' federal constitutional rights perpetrated by the Defendants.

PARTIES:

## PLAINTIFF

Plaintiff, Sameech Rawls, ["Hereafter Plaintiff or Mr. Rawls"], is currently a state prisoner confined at the State Correctional Institution at Greene County (SCI-Greene), 175 Progress Drive Waynesburg, Pa. 15370-8089.

## DEFENDANTS

Defendant Mr. Gibbs, [First name unknown], at all times relevant hereto is and was a Staff-Kitchen Supervisor employed at SCI-Greene. he is being sued in his Official and Individual Capacity. Whereby Plaintiff was subjected [Against his Will] to Defendant Gibbs depraved and violent acts of molestation upon Plaintiff's person while purportedly being search-patted down under further threat [verbal] ordering Plaintiff to yield, submit to his Authority as he, Defendant Gibbs, unlawfully continued to impose his will.

Defendant Michael Guyton, was/is at all times relevant hereto, a Unit Manager employed or retained by D.O.C. he held within his Official Capacity a Managerial position at SCI-Greene for purpose to provide watchful and active supervision as it relates to those inmates housed on B-Unit. but failed to do so. Here, Defendant was deficient in his responsibilities, ignoring Plaintiff's medical exigencies stating special and important reason, of which require bottom bunk status in light of Plaintiff's chronic mental disorders.

Defendant, Robert D. Gilmore, at all times relevant hereto is and was the Facility Manager [Superintendent] of SCI-Greene, and is legally responsible for securing adequate training, testing, and supervision of all staff under his Mantle of Authority and for the care, custody and control of all the prisoners therein. he is being sued in his Official and Individual Capacity. Where his actions or "lack thereof" involve reckless, callous and deliberate indifference.. thereby denying and inhibiting the inalienable rights of the Plaintiff, further in contempt

LEAF (1)

of special needs-sensitivity training thus a deficiency causing a substantial risk of serious bodily harm to Plaintiff in liability from failure to prevent installment and use of a defective (Top) bunk-bed -and- unprovoked acts of Official Oppression, sexual Assault, harrassment, and the sanctioning of torture in an American prison [SCI-Greene], upon the injured party.

Defendant Mr. Cumberledge, is/was employed by the Pennsylvania Department of Corrections, who at all times mentioned in this Action held the rank of Safety Manager. he is being sued in an individual and Official capacity when failing to condemn the usage and/or the implementation of improper Top-bunks without safety rails, resulting in Plaintiff falling out of bed [Top bunk], causing ongoing tragedy in injury traumatic to Plaintiff's head, arm, hip and thigh areas further causing Plaintiff to slip into a seizure and sustain a concussion.

Defendant Durco, At All times relevant hereto, was/is the SCI-Greene Security Captain, he is being sued in an individual and Official capacity for fostering a penitentiary environment that encouraged brutal and depraved conduct from Guards/staff who abuse their Authority as trusted public servants who in a sexual deviant manner demeaned and demoralized Plaintiff in truly horrific ways. Defendant Durco, was wholey aware or should have been aware of the heinous, vile deeds being committed on a daily basis during his watch, committed with impunity and under the tacit approval of Defendants M. Gibbs, Michael Guyton and Robert Gilmore.

LEAF (3)

## JURISDICTION-VENUE

This Court has jurisdiction over this action under 28 U.S.C. Sections 1331 and 1343(a), (3), and (4). The matters in controversy arise under 42 U.S.C. Section 1983.

Venue properly lies in this District pursuant to 28 U.S.C. Section 1391(b)(2), because the events giving rise to this cause of action occurred at SCI-Greene, which is located within the Western District of the State. This court has jurisdiction pursuant to (A) 28 U.S.C. Section 1331. This case arises under the Constitution and Laws of the United States; (b) 28 U.S.C. 1343, as Plaintiff seeks to redress the deprivation under color of state law and/or Rights, Privileges and Immunities secured by the U.S. Constitution and under an Act of Congress providing for Equal Rights of citizens or of all within the jurisdiction of the United States of America and because this matter seeks equitable or other relief, under 42 U.S.C. 1983, providing for protection of civil rights under 42 U.S.C. Section 1985, where the actions of the Defendants were undertaken against Plaintiff because he is not in power or at liberty to prevent such wanton indifference.

Also in this regard Defendants further neglected to prevent continuous violations or take actions to correct or end deprivations. 42 U.S.C. Section 1986. Plaintiff also invokes this Court's Pendent Jurisdiction C 383 U.S. 715.

LEAF (3)

## STATEMENT OF FACTS

(1). On September 18th, 2014, Plaintiff, Sameech Rawls, A Life Long Sufferer of Cognitive deficits And A possessor As well of Organic brain damage and system of Post-Traumatic Stress Disorder, while incarcerated at SCF Greene, housed in BB-unit, 2049 Cell, during the "Early morning" Am-hours while Asleep, fell from the top bunk, A situation in which Plaintiff was Medically Restricted to the bottom bunk due to the afore mentioned mental deficits/disorders.

(2). As A result of his unprotected fall from the top bunk, Plaintiff suffered a near fatal contusion about the head. In further/consequence, the injury cause Plaintiff to slip into A seizure and sustain A concussion. As Plaintiff lost consciousness for an unspecified time. When Plaintiff regained consciousness he did so to find himself laying on the cell floor "unable to move" in severe pain deriving from [the fall], sudden contact with the joint metal desk and stool. Subsequent via emergency assistance Plaintiff was transported to a outside hospital where he received treatment for neck, spinal and concussion injury.

(3) Metaphorically Plaintiff was prescribed meds equivalent to A Band-Aid in place of corrective measures to heal his injuries. Here, SCI-Greene, prescribed basic medication labled; meloxicam [15mg-Tablet] and Keppra [750mg], however none of the prescribed meds cured or corrected Plaintiff's permanent lower back, hip and left leg injuries nor his unremitting seizure/concussion complications, of which is diagnose perspective to an epileptic condition that may perodically result in Grand Mal seizures.

LEAF (4)

(4). <u>Defendant Michael Buyten</u>, B-Unit Manager, <u>Defendant Mr. Cumberledge</u>, Safety Manager, And <u>Defendant Captain Durco</u>, Security, All failed to apply reasonable care [with deliberate-indifference to prison policy pursuant to care, custody and control], to obtain/secure a safety rail on All top bunks "which could and most likely would," have prevented Plaintiff from falling off the top bunk while in his sleep, thus preventing his sustain injury.

(5) In response to Plaintiffs' Grievance <u>No. 532800</u>, claiming A substantial risk of serious body and internal head injury in liability due to the installment and use of A defective bunk. the Assign Grievance officer concluded In brief digest; "<u>That the bunk beds located in the cells are constructed and installed in accordance with Manufactures Recommendations and specifications.</u>" /// "<u>That Plaintiff was evaluated by Medical Professionals and placed in A handicapped cell to prevent further injuries</u>".

(6). The Afore mentioned Grievance response further serve to substantiate Plaintiffs' complaint by its Acknowledgment from both the Medical Professionals And SCI-Greene Administrative Staff that Plaintiff is to be housed/assigned to A handicapped cell which consist of A single-man-cell with A low level bunk equip with an ajustable safety rail Attached thereto As A result of the degree-in-pain and suffering Plaintiff must now And forever endure throughout his life.

(7). On or About October 3, 2015. Plaintiff was employed in kitchen details, At Dinning Hall two, during the morning hours. where/when A kitchen staff supervisor, Mr. Gibbs, upon conducting what should've been A routine pat search <u>instead</u> sexually Assaulted Plaintiff [Against his will], Mr. Gibbs, stood behind Plaintiff And ordered him to extend his Arms out shoulder wide And to spread his legs slightly Apart. Mr. Gibbs ["Defendant"] proceeded to pat-search Plaintiff but before completing his pat search upon reaching Plaintiffs' lower body, Mr. Gibbs reached Around with his hand And tore open [unfasten], Plaintiffs' pants.

LEAF (5)

he then slid his hand down the front of Plaintiff's boxer-shorts, Mr. Gibbs grabbed, squeezed and fondled Plaintiffs penis and testis, [Molestation and Forceful Masturbation]. All the while Mr. Gibbs was physically pressing the front of his body up-against Plaintiff's backside to the degree Plaintiff felt Mr. Gibbs erection [Penis] upon his buttocks. while in this position Mr. Gibbs began grinding his penis against Plaintiffs butt and each time Plaintiff attempted to pull away Mr. Gibbs gripped him tighter and also during the sexual deviant acts Mr. Gibbs repeatedly whispered in Plaintiffs ear "stop resisting". the entire assault upon Plaintiffs' person took approximately 60 seconds. Afterwards Mr. Gibbs warned Plaintiff [in summary] That due to the recent Staffing Report on Plaintiff requiring Emergency hospitalization and weekly Medical Call, Mr. Gibbs could easily remove Plaintiff from Kitchen employment But if Plaintiff would be willing to keep quiet about the entire ordeal then Mr. Gibbs will arrange for Plaintiff to receive temporary sick leave with the standard monthly work pay along with additional monthly income via promotion for Top wages under the scheme of The Skilled Labor Clause. Mr. Gibbs cautioned that its doubtful Anyone would believe that he [Mr. Gibbs], dry fucked a big ape Let Alone touched its filthy dick without the Animal putting up a fight.

(8). Once Plaintiff returned to his Quarters, he initiated a DC-ADM 804, Inmate Grievance in report of the Afore stated unprovoked acts i.e. Physical and emotional Rape perpetrated by staff member, Mr. Gibbs, eversince Plaintiff, Sameech Rawls, has been gradually, methodically - with Malice Aforethought - been stripped of his humanity and dignity. treated as an oddity and/or someone's property. Synonymous to/with pass-Century slave plantation.

(9). In response, Plaintiffs' Grievance was forward to Prison Rape Elimination Act [PREA], the Compliance Manager and to the Security Office for investigative purpose in accordance with DC-ADM 008. Grievance, signed by Tracy Shawley, "Facility Grievance Coordinator," dated 10/7/15. Marked-Exhibit A.

LEAF (6)

(10). After the purported investigation of Grievance No.591156.[Extending four Month's], A DC-141 Misconduct Report was issued/served upon Plaintiff. "Charging; Class 1, No.42- Lying to An employee. The staff Member's Version determined That "inmate Rawls Allegations Are unfounded, false And without factual basis. Date of Misconduct Report, 2/29/16. Said documentation is Marked Exhibit B And Attached hereto.

(11) Here, Plaintiff contend, that the Afore stated investigation And Subsequent Misconduct-Report. No. B855151, Reek of "Retaliation", Lacking either ethical or moral principles whereas SCI-Greene Administrative Policy Mandate/Directive(s) were recklessly Abandon by All herein Named Defendants -And- by Any other individuals whose involvement And identities Are presently not known while Acting in their individual And official Capacities. In perspective of the nexus inreference to Plaintiff's "Injury fall off The Top Bunk"-And-"The Sexual Assault upon his person". Defendant, Mr. Gibbs, Obtained Access/possession of Plaintiff's Injury Report wherein provided information in regards to inmate Rawls [Plaintiff], near fatal fall from his Assign Top bunk, including information surrounding the emergency Medical Treatment Administered. Said information may have served As the incentive for Defendant, Gibbs to exploit the Situation. his prey upon Plaintiff was premeditated ["at best"], Mr. Gibbs impose'd his will in the Civil-Criminal Sexual Assault Against Plaintiff's person in light of Plaintiff's Mental And physical Vulnerability. Moreover, SCI-Greens Administrative policies And investigative procedure in protecting Defendant, Mr. Gibbs, i.e. "Simply Accepting his word over Plaintiff's has demeaned, demoralized And destroyed Plaintiff's state And peace of Mind with brutal efficiency through flagrant Abuse of Authority As Public Servants.

(12). The herein named Defendants Are fully Aware that they caused And failed to remedy A Wrongful Action in the Victimization of Plaintiffs' person, As A consequence, Plaintiff has suffered great Mental Anguish And psychological trauma whereas further Acts of Torture exist, As Plaintiff is Compelled to face his tormentor [Mr. Gibbs], each And every day when partaking in breakfast/Lunch but remain powerless And distraught without justice.

LEAf (7)

(13). Plaintiff contend that under the test/standard, courts adopt in todays millennium per the 8th Amendment Plaintiff, Sameech Rawls, need not show that a prison official acted or failed to act believing that harm actually would befall Plaintiff when forcing him to sleep on the top bunk "Not withstanding the fact that Plaintiff "At the time", was issued a medical exemption for bottom bunk status in light of his mental deficits/disorders.

It is enough that the official acted or failed to act despite his/her knowledge of a substantial risk is a question of fact subject to prison policy mandate, pursuant to custody, care and control. And further must be subject to demonstration under gross liability which may include inference from circumstantial evidence. Wherefore, a fact finder may conclude that a prison official knew of a substantial risk from the fact that ["as here"], the risk in assigning Plaintiff to the top bunk was indeed obvious.

(14). Plaintiff contend that the All herein named Defendants are liable for punitive damages because the Defendant's actions and non-actions deliberately violated Plaintiffs' civil rights. And "May the court be mindful, punitive damages does not require a showing of malicious intent. see: Smith v. Wade, 461 U.S. 30, 75 L.Ed.2d 632, 103 S.Ct. 1625 (1983); The court held:

"A jury may be permitted to assess punitive damages in an action under §1983, when the Defendants' conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."

(15). Here, Plaintiff was the victim. The actions and/or lack thereof regarding all afore named Defendants were sadistic in the staff management team condoning of the molestation upon the party injured perpetrated by Defendant, Mr. Gibbs. A condoning/wrongful issuance of process orchestrated through a corrupt alliance followed by shrewd manipulation of the afore noted unimpeded deprivation against Plaintiff, Sameech Rawls.

LEAF (8)

## -COUNTS-

COUNT (I):
<u>DEPRIVATION OF CONSTITUTIONAL RIGHTS AND PRIVILEGES</u>,
(42 U.S.C. § 1983)

(16). The above discribed Actions and inactions by Defendants, <u>Michael Guyton</u>, <u>Robert D. Gilmore</u>, <u>Mr. Cumberledge</u>, <u>Captain Durco</u>, And <u>Mr. Gibbs</u> [including those unnamed Defendants where material witness evidence testimony is sought], were undertaken by them when acting separately and in concert acted under color and pretense of State law As prison officials inside a Pennsylvania State Correctional Institution [SCI-Greene], said actions deprived Plaintiff of federal equal protections And Due process rights guaranteed by the $5^{th}, 6^{th}, 8^{th}$ And 14th Amendments of the United States Constitution, And made actionable by enforcement per these Moving papers under 42 U.S.C. 1983 (The Civil Rights Act).

COUNT (II):
<u>DEPRIVING PERSONS OF EQUAL PROTECTION BASED ON UNLAWFUL DISCRIMINATION OF A PRISON INMATE (42 U.S.C. § 1985)</u>

(17). Plaintiff hereby incorporate by reference "<u>STATEMENT OF FACTS</u>", in full context As well All Exhibits Affix hereto.

(18). The Defendants <u>Mr. Gibbs</u>, "kitchen staff member," <u>Captain Durco</u>, "Security", <u>Mr. Cumberledge</u>, "Safety Manager," <u>Robert D. Gilmore</u>, "Facility Manager," And <u>Michael Guyton</u>, "Unit Manager," All Acted in A combined Evil purpose with one Another, And perhaps with some others who Are currently unknown to Plaintiff, to deprive him of Equal protection in failure to train And discipline SCI-Greene Guards/staff within the Administrative business And Sentry Station.

LEAF (9)

(19). Said SCI-Greene employee's [Defendants], committed Overtly Outrageous Acts and intentions Against the Plaintiff which included sexual Assault, Official Oppression, The sanctioning Of Torture, failure to provide Constitutionally Adequate Mental health-disability, And physical injury care, i.e. deliberate indifference to A substantial risk of serious harm by the installment and compel use of A defective Topbunk.

(20). As A Result Plaintiff was injured by the Defendants *in his person* And deprived of having And exercising his rights And privileges As A Citizen of the United States.

COUNT (III);
NEGLECT TO PREVENT
42 U.S.C. § 1986

(21). Plaintiff hereby incorporate by reference "STATEMENT OF FACTS", in full context Aswell All Exhibits Affix hereto.

(22). Where the SCI-Greene, Defendants knowing of Mr. Rawls [Plaintiff], timely/proper and truthfully Asserted report of Defendant, Mr. Gibbs direct involvement in the Molestation/sexual-Assault of Plaintiff, but by failing to make certain that Plaintiff received the state and federal constitutional safeguards -And- D.O.C. Policy protection to which he was entitled -And- the fact that SCI-Greene Administration *did not* previously or in subsequent time initiate "Special Needs Training" for its employee's to prevent A sexual predator from being hired pass the Guard/staff Mandatory one year probation period. Which may have prevented the demeaning Acts [As Specified herein Above], inflicted upon Plaintiffs' person. All of which constitute deliberate indifference And neglect to prevent. -And- In further subject matter clarification, the Defendants knew or should have known that Lack of A Topbunk Safety Rail Allowed for inevitable harm when considering that Saneech Rawls, while tossing in his sleep fell from the Topbunk Severely hitting his head Causing him to slip into A seizure And sustain A concussion.

LEAF (10)

COUNT(IV);

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;

CRUEL AND UNUSUAL PUNISHMENT, AND;

THE SANCTIONING OF TORTURE IN AN AMERICAN PRISON.

(23). Plaintiff hereby incorporate by reference "STATEMENT OF FACTS", in full context as well all Exhibits Affix hereto.

(24). The Eighth Amendment, as Applied to the States by the fourteenth Amendment, prohibits cruel and unusual punishment, Prohibits intentional infliction of Emotional distress, Prohibits the sanctioning of torture in an American prison.

(25). The Defendants' policies, practices and procedures systemically violate the Eighth Amendment rights of Mr. Sameech Rawls ["Your humble Plaintiff"]. A SCI-Greene, semi mentally disabled prisoner. As a direct and proximate result of Defendants' Acts and Omissions, Plaintiff will forever suffer from the afore stated improprieties.

(26). Thus, to Allow no avenue for injunctive, punitive, compensatory, and general damages regarding Matters inconsistent with the universal, Civil, And judicial standards which currently stand destructive of Plaintiffs personal liberty would be to deny Mr. Sameech Rawls very existence.

(27). Respectfully Plaintiff will entrust the wisdom of this U.S. District Court to further render Sua-Sponte Civil remedy in finding probable cause for issuance of Civil Action penalties, Ordering Civil-Criminal Sanctions [Indictments], in principle punishment for engaging in the Afore mentioned illegal Activity [Sexual Assault], by recommendation to the State Attorney Generals Office - or - the United States Attorney Generals Office, as it pertain to [but not limited to] the Defendants listed herein above.

LEAF (11)

RELIEF REQUESTED IN DAMAGES:

(28). Wherefore, Plaintiff seek declaratory judgment and injunctive relief from SCI-Greene's macabre prison environment, for Plaintiff's life may now be in peril per the submission/exercise of this complaint. "SOS."

(29). Wherefore, Plaintiff seek judgement against Defendants, Mr. Gibbs, Michael Guyton, Robert D. Gilmore, Mr. Cumberledge and Captain Durco, jointly and separately for injunctive relief; compensatory damages and; punitive damages in the amount of Two million [2,000,000] dollars -and- Applicable general damages exclusively against the Pennsylvania Department of Corrections, ["unnamed Defendant"], Plaintiff seek five million [5,000,000] dollars, including the cost of this civil complaint, attorney fees [if applicable], and any further relief the court deem appropriate.

- CONCLUSION -

Plaintiff reserves the right to supplement and/or amend this complaint, in light of his mental disability. -and- May this court assign legal counsel for Plaintiff [in light of indigent status], and for Appointee to diligently articulate and regulate the essential elements appropriately for the courts convenience in attention to the serious nature of this civil action. Whereas, it involves state correctional officers, staff and officials. In complaint of improper installment and usage of defective bunk in connection with the unprovoked acts of sexual assault, official oppression, and the sanctioning of torture.

Seriously Submitted

Sameech Rawls  s/ Sameech Rawls

Dated: September 6, 2016

VERIFICATION

I, Sameech Rawls, certify under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct, including matters alleged on information, as I believe them to be true.

/s/ Sameech Rawls #JP-3087, SCI-Greene, 175 Progress Drive, Waynesburg, PA. 15370.

Dated: September 6, 2016.

LEAF (12)

## CERTIFICATE OF SERVICE

Plaintiff, Sameech Rawls, hereby Certifies under penalty of perjury (28 U.S.C. §1746), that on 9/6/16, caused to be served a true copy of the foregoing Civil Complaint At; Sameech Rawls v. Mr. Gibbs, et. al, by hand to hand exchange to A SCI-Greene to deposit in the United States Mail. First class postage pre-paid At, SCI Greene, Addressed to the following:

Clerk of Court
United States District Court
700 Grant Street, Room 3110
Pittsburgh, Pa. 15219-1967

Seriously Submitted

Sameech Rawls           S/ Sameech Rawls
Dated: September 6, 2016    Sameech Rawls #JR3087
                            SCI-Greene
                            175 Progress Drive
                            Waynesburg, Pa. 15370-8089