IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SAMEECH RAWLS,                )
                              )    Civil Action No. 2:16-cv-01438
                Plaintiff,    )
                              )    Magistrate Judge Lisa Pupo Lenihan
        v.                    )
                              )
MR. GIBBS, *et al.*,          )
                              )
                Defendants.   )

# MEMORANDUM OPINION AND ORDER

### A. Procedural History

This case was initiated with the filing of a Motion for Leave to Proceed *in forma pauperis* on September 19, 2016. (ECF No. 1.) That Motion was granted on September 20, 2016, but Plaintiff was ordered to pay $15.26 as an initial partial filing fee as provided by 28 USC 1915(b)(1)(A). (ECF No. 2.) In that Order, Plaintiff was informed that he was ultimately responsible for the payment of the filing fee if the agency with custody over him lapses in its duty to make payments on his behalf and that he was responsible for paying the initial filing fee by a date certain or his case would be dismissed. No initial filing fee was received. Therefore, on November 16, 2016, the Court entered an Order to Show Cause why this case should not be dismissed for Plaintiff's failure to prosecute. (ECF No. 4.) That Order stated: "On September 20, 2016, this Court granted Plaintiff's IFP motion and ordered him to pay an initial partial filing fee of $15.26. In that Order, the Court informed him that if the initial partial filing fee was not

1

received by October 20, 2016, then his case could be dismissed for his failure to prosecute. As of today, the initial partial filing fee has not been paid. Therefore, Plaintiff shall either pay the initial partial filing fee or otherwise show cause why this case should not be dismissed for his failure to prosecute no later than November 30, 2016." (ECF No. 4.) The initial partial filing fee was ultimately received on November 30, 2016 and the Complaint was docketed that same day. (ECF Nos. 5-7.)

On February 23, 2017, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 19.) Plaintiff was then ordered to file a response to the Motion to Dismiss or file an amended complaint by March 17, 2017. (ECF No. 21.) No response or amended complaint was filed, and, as a result, on June 2, 2017, the Court entered another Order to Show Cause why the case should not be dismissed for failure to prosecute. (ECF No. 25.) That Order stated: "No later than June 23, 2017, Plaintiff shall either file an Amended Complaint or response to the Motion, or show cause why this case should not be dismissed. His failure to do either will result in the dismissal of this case for his failure to prosecute." (ECF No. 25.) Nothing was filed.

On June 29, 2017, the Court entered a Memorandum Order dismissing Plaintiff's Complaint for failure to prosecute. (ECF No. 26.) Unfortunately, the Court neglected to do an analysis of the factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), and the order was vacated and the case remanded back to this court. (ECF Nos. 43, 46.) On November 2, 2018, Plaintiff was again ordered to file either a response in opposition to the Motion to Dismiss or an amended complaint no later than December 3, 2018. (ECF No. 44.) On November 27, 2018, Plaintiff filed a request for a 60-day extension, or until February 1,

2

2019, which the Court granted. (ECF Nos. 47, 49.) It is now February 12, 2019 and nothing has been filed by Plaintiff.

**B. <u>Analysis</u>**

A district court has inherent power to dismiss an action, *sua sponte*, under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to comply with an order of court. <u>Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund</u>, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."); <u>Guyer v. Beard</u>, 907 F.2d 1424, 1429 (3d Cir. 1990). Furthermore, a court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. *See* <u>Collinsgru v. Palmyra Bd. of Educ.</u>, 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by* <u>Winkelman ex rel. Winkelman v. Parma City School Dist.</u>, 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors identified in <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984), when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. <u>Harris v. City of Philadelphia</u>, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In <u>Poulis</u>, the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868 (emphasis omitted). These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of these factors follows.

1. **The extent of the party's personal responsibility.**

Plaintiff is proceeding in this matter *pro se*. The responsibility for his failure to properly respond to court orders is his alone.

2. **Prejudice to the adversary.**

In Poulis, prejudice was found to exist where the plaintiff did not conduct discovery, the adversary was required to prepare and file motions to compel answers to interrogatories, and the plaintiff did not file a pre-trial statement as required. In this case, the Defendants have had a federal lawsuit pending against them since September 2016 with no opportunity to litigate it because Plaintiff is not responsive. Time continues to pass, resulting in the destruction or disappearance of evidence and the dimming of memory. The Court therefore finds prejudice to the adversary.

3. **A history of dilatoriness.**

Plaintiff has a history of dilatoriness since the commencement of this case. First, he did not pay the initial filing fee. Then, he did not respond to the Motion to Dismiss despite two orders to do so. At present, he still has not responded to this Motion and the 60-day extension of time granted by the court has lapsed.

4. **Whether the party's conduct was willful or in bad faith.**

There is no indication on this record that Plaintiff's failure was the result of any excusable neglect. Plaintiff was ordered to respond to the pending Motion and then given a 60-

day extension to do so.  The Court can reach no other conclusion than that his failure to respond is willful and in bad faith.

**5. Alternative sanctions.**

Plaintiff is proceeding *in forma pauperis* so it is unlikely that any sanction imposing costs or fees upon him would be effective.

**6. Meritorious of the claim or defense.**

Based upon the allegations of the Motion to Dismiss, Plaintiff's claims do not appear to be meritorious.  He is alleging that he fell out of the top bunk because the bed was defective.  There is established caselaw holding that a lack of bed rails is not deliberate indifference.  He admits in his complaint that he was given medical treatment for the injury sustained in the fall.  He further alleges that a pat down he was given while at work in the kitchen amounted to a sexual assault.  According to Defendants' Motion, a 4-month long investigation ensued, resulting in Plaintiff being issued a misconduct.  He is alleging supervisory responsibility without actual involvement and no allegation of a failure to train.  He avers conspiracy but does not allege many facts in support.  In sum, this factor weighs in favor of dismissal.

Therefore, the majority of the Poulis factors weigh in favor of dismissal.  The following Order is now entered.

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (ECF No. 7) is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 19) is dismissed as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case closed.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

Dated: February 12, 2019.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Cc: **SAMEECH RAWLS**
JP-3087
SCI Greene
175 Progress Drive
Waynesburg, PA 15370-8089